IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY KELLEY,** *et al.* )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**COURTYARD HEALTHCARE CENTER,** )<br>**LLC, an Illinois limited liability company,** )<br>)<br>**Defendant.** ) | **Case No. 21-cv-06594**<br><br>**Judge Thomas M. Durkin** |

**PLAINITFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND TO DEEM REQUESTS ADMITTED**

Plaintiffs GREGORY KELLY, PAIGE KELLY, JOSEPH R. SCHULLO, and MARSHALL MAUER, as Trustees of THE SERVICE EMPLOYEES UNTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, (collectively, the "Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP, respectfully move this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(3)(B) for an order compelling Defendant Courtyard Healthcare Center, LLC ("Courtyard") to respond to Plaintiff's First set of written discovery requests and for an award of attorneys' fees. In support of this motion, Plaintiffs state as follows:

1. On February 22, 2022 (all further dates are in 2022 unless otherwise noted), the District Court entered an order reflecting the agreed discovery schedule in the parties' Joint Status Report and ordering "[w]ritten discovery to be issued beginning February 21." (2/22/22 Minute Order [Doc. 18].)

2. On February 21, Plaintiffs served their First Set of Interrogatories, First Requests for Admissions, and Firsts Request for Production ("First Set of Discovery Requests") on Courtyard by email. A copy of the email effectuating service is attached as Exhibit A ("Service Email"), and a copy of the First Set of Discovery is attached as Exhibit B.

3. Defendant's responses to Plaintiff's First Set of Discovery Requests were due March 23. On March 28, Plaintiffs' attorney emailed Defendant's attorney on the same email thread as the Service Email requesting an update as to when Plaintiffs could expect to receive responses. (*See* Exhibit C.)

4. On March 30, Plaintiffs still had not received any response from Defendant. Plaintiffs' attorney left a voicemail message for Defendant's counsel and followed up the voicemail with a letter sent by email at 4:42 p.m. on the same thread as the Service Email. (*See* March 30 Email and Letter attached as Exhibit D.)

5. Approximately 15 minutes after Plaintiffs' attorney sent the March 30 email and letter, Defendant's attorney responded to the same email thread stating: "Unfortunately, I never saw these requests come through email. I am currently preparing for a trial, so if I could have an extension until April 7, 2022, I will have another attorney get the answers and documents to you." (*See* Exhibit E.)

6. Plaintiff's attorney responded several minutes later on March 30 agreeing that Plaintiffs "will defer going to a judge until April 7 after we see what Defendant provides but we are not waiving any arguments as to the untimeliness." (*See* Exhibit F.)

7. On April 11, Plaintiffs' attorney sent one Defendant's attorney another email providing one last opportunity for Defendant to respond to the discovery within 24 hours before filing this motion. (*See* Exhibit G.)

8. Thus, Plaintiff has attempted in good faith to obtain the disclosure without court action three times over a three-week period in compliance with Local Rule 37.2 and counsel's attempts at consultation over the issue were unsuccessful due to no fault of Plaintiff's counsel.

9. As of the date of the filing of this motion, Defendant has altogether ignored the written discovery served on it on February 22. Accordingly, any objection to that discovery is waived. *Autotech Techs. LP v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 & n.2 (N.D. Ill. 2006).

10. Furthermore, because Defendant did not respond to Plaintiff's First Requests for Admissions within 30 days, those requests are deemed admitted pursuant to Rule 36(a)(3).

11. There is no substantial justification for the Defendant's failure to respond to the Plaintiffs' First Set of Discovery Requests. Therefore, Plaintiffs request that they be awarded their reasonable attorneys' fees for bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Rather than spend additional time litigating the specific amount at this point, the Fund requests an award of $480 in fees representing 2 hours of time in preparing this motion and appearance to present it, at the rate of $240 per hour that the Funds pay their counsel in this case.

WHEREFORE, for all of the reasons stated herein, Plaintiffs respectfully request that this Court enter an order, in the form of the proposed order submitted to the Court, compelling Defendants to respond to Plaintiffs' First Set of Discovery Requests and granting attorneys' fees and costs in the amount of $480.

                                                  Respectfully submitted,

                                                  /s/ Elizabeth L. Rowe
                                                  Elizabeth L. Rowe
                                                  Attorney for Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
 AUERBACH & YOKICH, LLP
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

April 12, 2022

## **CERTIFICATE OF SERVICE**

I, Elizabeth L. Rowe, an attorney, hereby certify that on April 12, 2022, I electronically filed the foregoing Motion to Compel Discovery Responses and to Deem Requests Admitted using the Court's CM/ECF system, which will cause an electronic copy to be served on counsel of record.

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
An Attorney for the Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH, LLP
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361

April 12, 2022