4/12/22, 9:41 AM                                    Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 21-1 Filed: 04/12/22 Page 1 of 18 PageID #:133



Elizabeth Rowe &lt;erowe@laboradvocates.com&gt;

---

# Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

---

**Elizabeth Rowe** &lt;erowe@laboradvocates.com&gt;                                        Mon, Feb 21, 2022 at 4:12 PM
To: "Darke, Sean" &lt;darke@litchfieldcavo.com&gt;
Cc: Josiah Groff &lt;jgroff@laboradvocates.com&gt;

Sean,

Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.

Thanks,
Libby

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

---

📄 **Kelley v. Courtyard - Plaintiffs First Set of Discovery Requests.pdf**
    613K

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KELLEY, *et al.* ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> COURTYARD HEALTHCARE CENTER, ) <br> LLC, an Illinois limited liability company, ) <br> ) <br> **Defendant.** ) | Case No. 21-cv-06594 <br><br> Judge Thomas M. Durkin |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS, FIRST SET OF
INTERROGATORIES, AND FIRST REQUEST TO PRODUCE
DIRECTED AT COURTYARD HEALTHCARE CENTER, LLC**

Plaintiffs GREGORY KELLY, PAIGE KELLY, JOSEPH R. SCHULLO, and MARSHALL MAUER, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, (collectively, the "Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP, and pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, request COURTYARD HEALTHCARE CENTER, LLC to answer the following requests for admissions, interrogatories, and requests to produce within 30 days.

Unless otherwise defined, all words used are to be given their natural and common meaning.

1. "All documents regarding," which may be broken up with a reference to the applicable time period, means "all documents that comprise, record, document, relate to, refer to, rise from, provide information concerning, or otherwise take note of."

2. The words "and" and "or" shall be both conjunctive and disjunctive and shall be construed broadly to bring within the scope of this request any and all documents and tangible things which otherwise might be outside the scope of this request.

**Exhibit B**

3. "Berwyn Facility" means the facility that Courtyard admitted to operating in Paragraph 14 of its Answer [Doc. No. 9].

4. "Communication" includes all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, email, facsimile transmissions, text messages, or other forms of oral, written, mechanical, and electronic discourse.

5. "Concerning" means "relating to".

6. "Contact" means, *inter alia*, interaction, exchange, or communication.

7. "Control" means possession, custody, or control, and includes constructive possession, provided that any or all of the defendants or their attorneys, agents, or others acting on their behalf have a right to compel production of the document or communication from a source with possession of the document including any insurance company under contract with the Fund or Defendants.

8. "Courtyard" or "Defendant" means Defendant Courtyard Healthcare Center, LLC

9. "Document" is used in the broadest sense and includes without limitation any tangible thing, communication, correspondence, memoranda, messages, notes, pocket calendars, desk calendars, diaries, telephone logs, envelopes, emails, text messages, internet websites, facsimile transmissions, and Electronically Stored Information, whether printed or recorded or reproduced by any mechanical, photographic, xerographic, or electronic process, or written or produced by hand, including any information contained in any computer or computer memory or memory media, although not yet printed, and all drafts of any of the foregoing, and all non-identical copies of any item listed above.

10. Each of the words "each," "every," "any," and "all" means, "each, every, any, and all."

11. "Electronically Stored Information" or "ESI" is used in the broadest sense, including all electronic data (including active data, archival data, backup data, backup tapes, distributed data, electronic mail, text messages, forensic copies, metadata, and residual data) stored in any medium from which information can be obtained.

12. "Funds" means Plaintiffs Service Employees International Union Healthcare IL Welfare Fund and the Service Employees International Union Healthcare IL Pension Fund, collectively.

13. "Identify" means:

    a. When used in reference to a natural person, "identify" means to state the person's (i) full name, (ii) age, (iii) current employer and job position, (iv) present home address, (v) present business address, and (vi) present personal and business telephone numbers, and (vii) if the person is or ever was an employee of the Fund, all present and former positions and titles with the Fund, the dates in each of these

positions or titles, and the date of and reason for separation if the person is no longer employed by the Fund. Please provide last known addresses and phone numbers if you are unable to provide current information.

      b.      When used in reference to a person who is not a natural person, "identify" means to state the person's (i) official name, and any other names used by the person, including all names under which the person has done business; (ii) directors, officers, trustees, and controlling persons; (iii) the nature of the person's business or activities; (iv) the type of organization (*e.g.*, corporation, partnership, governmental entity, etc.); and (v) the address of its principal place of business.

      c.      When used in reference to a communication, occurrence, event, act, or fact, "identify" means to (i) state the time and place of the communication, occurrence event, act, or fact, (ii) identify the initiating person, (iii) identify all persons who were present at, participated in, or have knowledge or information relating to the communication, occurrence, event, act or fact, (iv) describe the subject matter, and (v) identify all documents constituting referring to or in any relating to such communication, occurrence, event, act, or fact.

      d.      When used in reference to a document, "identify" means to (i) state the date of the document, (ii) identify the authors (and, if different, the signers) addressees, and all persons who received or reviewed the documents or copies of it, and (iii) describe the document, including its type (*e.g.*, letter, report, facsimile, etc.), its present or last known location, its present custodian, and its content.

14.      "Including" means "including without limitation."

15.      "Pension Fund" means Plaintiff Service Employees International Union Healthcare IL Pension Fund.

16.      "Person" means a natural person or an entity, including a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, governmental entity, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

17.      "Reflecting," "regarding," "referring to," or "relating to" mean constituting, consisting of, concerning, referring to, associated with, or in any way connected with the matter discussed, in whole or in part.

18.      "SEIU" means the Service Employees International Union Healthcare IL and IN, formerly known as Service Employees International Union, Local 4.

19.      "Welfare Fund" means Plaintiff Service Employees International Union Healthcare IL Welfare Fund.

20.      Whenever it is necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

21. "You," or "your" means the defendant(s) responding to the item of discovery.

22. The singular includes the plural and vice versa.

## INSTRUCTIONS

1. As to your answers to interrogatories, if you are withholding any information responsive to any of the interrogatories under a claim of privilege or otherwise, please identify the information being withheld on a privilege log, stating (i) the general subject matter and date created of the information being withheld, (ii) the nature of the information being withheld, and (iii) the basis for the claim or privilege. To the extent the response to any part of any interrogatory is not subject to a claim of privilege, provide a full response to the portion that can be answered, while indicating that other responsive information is being withheld based on a claim of privilege or otherwise.

2. As to documents, produce all responsive documents wherever located, in your possession, custody, or control.

3. Organize and label all documents you produce to correspond with the numbers and categories in the request. In the alternative, you may produce all documents as they are kept in the normal course of business.

4. Each document request requires you to produce all responsive documents in their entirety, without abbreviation or expurgation. If no documents responsive to a particular request exist or are within your control, the response should so state. If there are documents responsive to a particular request that are within the control of another, the response should identify the Person in possession of such documents.

5. If you refuse to respond to any document request, in whole or in part, on grounds of privilege, identify the withheld document or communication on a privilege log stating: (i) the identity of the persons who prepared or authored the document or took part in the communication, (ii) the identity of the persons to whom the document was shown or otherwise disclosed, (iii) the dates on which the document was prepared and disseminated, or on which the communication transpired or was disclosed, (iv) the general subject matter of the document or communication, (v) the nature of the document or communication (*e.g.,* email, letter, memorandum), and (vi) the basis for the claim of privilege or withholding. Any redactions to documents shall be prominently identified with a mark indicating the location and size of the redacted area.

6. These discovery requests are continuing. Supplement your responses promptly if and when you obtain or locate additional responsive documents.

7. Unless otherwise indicated in the specific request, there is no limit to the time period covered by these requests.

## FIRST REQUESTS FOR ADMISSIONS

1. Courtyard was party to a collective bargaining agreement between the Service Employees International Union Healthcare IL and IN and the Illinois Association of Health Care Facilities between at least April 1, 2013 through the date that Courtyard sold the Berwyn Facility in or around January 2019.

2. Courtyard was required to make contributions to the Funds on behalf of employees covered by a collective bargaining agreement with the SEIU between April 1, 2013 through the date that Courtyard sold the Berwyn Facility.

## FIRST SET OF INTERROGATORIES

1. To the extent you deny any of the foregoing Requests for Admission, state all facts supporting each such denial, and as to each such denial, identify all persons with knowledge of facts supporting or undermining that basis.

2. Identify all owners and officers of Courtyard who were owners or officers at any time between April 1, 2013 and the date that Courtyard sold the Berwyn Facility.

   (a) For each owner, identify the amount and type of ownership of Courtyard, including any changes to that ownership and effective dates.

   (b) For each officer, identify the officer's position and responsibilities, including any changes to that position or those responsibilities and effective dates.

3. Identify by address all locations that Courtyard used for its operations between April 1, 2013, and the present.

4. Identify all facts and documents that support or undermine your contention in paragraph 1 of Defendant's "Defenses" that Defendant "paid all contributions that were due and owing."

5. Identify all facts and documents that support or undermine your contention in paragraph 2 of Defendant's "Defenses" that "Plaintiff failed to timely request an audit and/or payment of past due contributions within the proper time period in order to bring this matter."

6. Identify all labor agreements to which Courtyard was a party between April 1, 2013 and the present, and for each such agreement, identify dates the agreement was in effect, and the workers covered by the agreement.

7. Identify all payroll processors or other third parties in possession of any documents requested in Plaintiffs' Requests for Documents Nos. 1 through 7.

## FIRST REQUESTS FOR DOCUMENTS

1. To the extent you deny the allegations in Plaintiffs' Complaint [Doc. No. 1], produce all documents supporting or undermining each such denial.

2. To the extent you deny any of the foregoing Requests for Admission, produce all documents supporting or undermining each such denial.

3. Produce all documents supporting or undermining each of your responses to the foregoing Interrogatories.

4. Produce all records identified in your Fed. R. Civ. P.26(a)(1) initial disclosures.

5. Produce copies of all labor agreements to which Courtyard was a party between April 1, 2013 and the present.

6. For the period covering April 1, 2013 to the present, produce the following documents:

(a) Payroll journals and/or registers which include or employees' social security numbers, hourly rates of pay, hours worked, and the time period in which the work was performed.

(b) Individual earnings records for all employees of Courtyard not shown on payroll journals or registers, including social security numbers and work classification (or code or clock or ID number), hourly rates of pay, hours worked, and the time period in which the work was performed.

6

(c) Cash disbursement journals and ledgers.

(d) Records showing all amounts paid to all persons or entities that performed work for Courtyard as independent contractors or subcontractors, if any, including copies of federal form 1099s issued by Courtyard.

(e) Daily time records filed by employees, supervisors, subcontractors, or contractors.

(f) Certified payrolls for public sector jobs where such payrolls are required.

(g) Bank account statements and canceled checks from any account used in conjunction with Courtyard's business.

(h) Employee personnel files including, but not limited to, last known address and telephone numbers, and any documents which demonstrate employees' job classifications and/or status. (Confidential medical records or other private records not relevant to establishment of an employee's job classification need not be disclosed).

(i) Federal tax returns.

7. All documents concerning the Funds' attempts to conduct an audit of Courtyard's contributions to the Funds.

The discovery requests contained herein shall be deemed to be continuing to the extent set forth in the Federal Rules of Civil Procedure. In the event information not provided in the original answers to the requests set forth herein becomes personally known to Courtyard or their agents, or otherwise becomes available, a supplemental answer in writing and under oath setting forth that additional information is to be served upon the undersigned within five (5) days from the time such information becomes known or available.

Respectfully submitted:

/s/ Elizabeth L. Rowe
One of Plaintiffs' Attorneys

7

**CERTIFICATE OF SERVICE**

      I, Elizabeth L. Rowe, an attorney, hereby certify that on February 21, 2022, I served the foregoing *Plaintiffs' First Request for Admissions, First Set of Interrogatories, and First Request to Produce Directed at Courtyard Healthcare Center, LLC*, on the party below by email at the email address indicated:

      Sean F. Darke
      Litchfield Cavo, LLP
      303 W. Madison Street, Suite 300
      Chicago, IL 60606
      darke@litchfieldcavo.com

                                            /s/ Elizabeth L. Rowe
                                            One of Plaintiffs' attorneys

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
      AUERBACH & YOKICH LLP
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
Tel: 312-372-1361

4/12/22, 9:43 AM	Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 1 of 18 PageID #:142



Elizabeth Rowe <erowe@laboradvocates.com>

---

# Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

---

**Elizabeth Rowe** <erowe@laboradvocates.com>		Mon, Mar 28, 2022 at 2:26 PM
To: "Darke, Sean" <darke@litchfieldcavo.com>
Cc: Josiah Groff <jgroff@laboradvocates.com>

Sean,

I'm following up on these discovery requests. Responses were due on March 23.  When can we expect to receive them?

Thanks,
Libby

> On Mon, Feb 21, 2022 at 4:12 PM Elizabeth Rowe <erowe@laboradvocates.com> wrote:
>
> Sean,
>
> Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.
>
> Thanks,
> Libby
>
> --
> Elizabeth L. Rowe
> Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
> 8 S. Michigan Avenue, 19th Floor
> Chicago, Illinois 60603
> Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

**Exhibit C**

4/12/22, 9:44 AM
Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 11 of 18 PageID #:143
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests



Elizabeth Rowe &lt;erowe@laboradvocates.com&gt;

## Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

**Elizabeth Rowe** &lt;erowe@laboradvocates.com&gt;  
To: "Darke, Sean" &lt;darke@litchfieldcavo.com&gt;  
Cc: Josiah Groff &lt;jgroff@laboradvocates.com&gt;

Wed, Mar 30, 2022 at 4:32 PM

Sean,
Please see the attached letter.
Thanks.

> On Mon, Mar 28, 2022 at 2:26 PM Elizabeth Rowe &lt;erowe@laboradvocates.com&gt; wrote:
>> Sean,
>>
>> I'm following up on these discovery requests. Responses were due on March 23. When can we expect to receive them?
>>
>> Thanks,
>> Libby
>>
>> On Mon, Feb 21, 2022 at 4:12 PM Elizabeth Rowe &lt;erowe@laboradvocates.com&gt; wrote:
>>> Sean,
>>>
>>> Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.
>>>
>>> Thanks,
>>> Libby
>>>
>>> --
>>> Elizabeth L. Rowe
>>> Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
>>> 8 S. Michigan Avenue, 19th Floor
>>> Chicago, Illinois 60603
>>> Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599
>>
>> --
>> Elizabeth L. Rowe
>> Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
>> 8 S. Michigan Avenue, 19th Floor
>> Chicago, Illinois 60603
>> Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

 Letter to S. Darke 3.30.2022.pdf
391K

**Exhibit D**

LAW OFFICES
# DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
8 SOUTH MICHIGAN AVENUE - 19th FLOOR
CHICAGO, IL 60603
PHONE (312) 372-1361    FAX (312) 372-6599

MELISSA J. AUERBACH
JEREMY M. BARR
BARRY M. BENNETT
ROBERT E. BLOCH
ROBERT S. CERVONE
J. PETER DOWD
JOSIAH A. GROFF
JUSTIN J. LANNOYE
DAVID P. LICHTMAN
GEORGE A. LUSCOMBE III
ELIZABETH L. ROWE
JACOB S. SCHERMER
RONALD M. WILLIS
STEPHEN A. YOKICH

March 30, 2022

**Via Email**

Sean F. Darke
Litchfield Cavo, LLP
303 W. Madison St., Suite 300
Chicago, IL 6060

Re:   *Kelley et. al. v. Courtyard Healthcare Center, LLC*, Case No. 21-cv-06594
      Outstanding Responses to Discovery Requests Issued to Defendant

Dear Mr. Darke:

I am writing regarding the Plaintiffs' First Set of Requests for Admission, First Set of Interrogatories, and First Requests for Production, which I served on Defendant February 21, 2022. Defendant's responses were due March 23. I sent you an email on March 28 requesting an update on when Defendant plans to provide responses, and I left you a voicemail earlier today regarding the same. As of the time that I am sending this letter, I have not received any response from Defendant.

Because Defendant did not respond to the requests to admit within 30 days, those requests are deemed admitted under Rule 36(a)(3). If Defendant intends to provide responses to the interrogatories or requests for production, please do so by **Monday, April 4**. If we have not received responses by then, we will file a motion to compel under Rule 37.

Thank you.

Sincerely,

/s/ Elizabeth L. Rowe

Cc: Josiah A. Groff

4/12/22, 9:45 AM    Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 13 of 18 PageID #:145



Elizabeth Rowe <erowe@laboradvocates.com>

## Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

**Darke, Sean** <darke@litchfieldcavo.com>        Wed, Mar 30, 2022 at 4:59 PM
To: Elizabeth Rowe <erowe@laboradvocates.com>
Cc: Josiah Groff <jgroff@laboradvocates.com>

Libby,

Unfortunately I never saw these requests come through email. I am currently preparing for a trial, so if I could have an extension until April 7, 2022, I will have another attorney get the answers and documents to you.

**Sean F. Darke**

Partner

D 312.781.6554 | F 312.781.6630

Darke@LitchfieldCavo.com



303 West Madison | Suite 300 | Chicago, IL 60606

www.LitchfieldCavo.com

**From:** Elizabeth Rowe <erowe@laboradvocates.com>
**Sent:** Monday, February 21, 2022 4:12 PM
**To:** Darke, Sean <darke@litchfieldcavo.com>
**Cc:** Josiah Groff <jgroff@laboradvocates.com>
**Subject:** Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Sean,

Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.

Thanks,

Libby

**Exhibit E**

4/12/22, 9:45 AM                      Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Bouygard - Plaintiffs First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 14 of 18 PageID #:146

--

Elizabeth L. Rowe

Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP

8 S. Michigan Avenue, 19th Floor

Chicago, Illinois 60603

Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP (office@laboradvocates.com). Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP. Finally, the recipient should check this email and any attachments for the presence of viruses. Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP accepts no liability for any damage caused by any virus transmitted by this email.

PRIVILEGE AND CONFIDENTIALITY NOTICE The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.



**Elizabeth Rowe** <erowe@laboradvocates.com>

---

## Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

---

**Elizabeth Rowe** <erowe@laboradvocates.com>  Wed, Mar 30, 2022 at 5:08 PM
To: "Darke, Sean" <darke@litchfieldcavo.com>
Cc: Josiah Groff <jgroff@laboradvocates.com>

Sean,

We will defer going to a judge until April 7 after we see what Defendant provides but we are not waiving any arguments as to the untimeliness.

Thanks.

> On Wed, Mar 30, 2022 at 4:59 PM Darke, Sean <darke@litchfieldcavo.com> wrote:
>
> Libby,
>
> Unfortunately I never saw these requests come through email. I am currently preparing for a trial, so if I could have an extension until April 7, 2022, I will have another attorney get the answers and documents to you.
>
> **Sean F. Darke**
> Partner
> D 312.781.6554  |  F 312.781.6630
> Darke@LitchfieldCavo.com
>
> 
>
> 303 West Madison  |  Suite 300  |  Chicago, IL 60606
>
> **www.LitchfieldCavo.com**
>
>
> **From:** Elizabeth Rowe <erowe@laboradvocates.com>
> **Sent:** Monday, February 21, 2022 4:12 PM
> **To:** Darke, Sean <darke@litchfieldcavo.com>
> **Cc:** Josiah Groff <jgroff@laboradvocates.com>
> **Subject:** Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests
>
> Sean,

**Exhibit F**

4/12/22, 9:45 AM — Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Bougard - Plaintiffs' First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 16 of 18 PageID #:148

Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.

Thanks,

Libby

--

Elizabeth L. Rowe

Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP

8 S. Michigan Avenue, 19th Floor

Chicago, Illinois 60603

Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP (office@laboradvocates.com). Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP. Finally, the recipient should check this email and any attachments for the presence of viruses. Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP accepts no liability for any damage caused by any virus transmitted by this email.

PRIVILEGE AND CONFIDENTIALITY NOTICE The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

4/12/22, 9:46 AM	Dowd, Bloch, Bennett, Cervone, Auerbach & Kelly Mail - Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 17 of 18 PageID #:140



Elizabeth Rowe <erowe@laboradvocates.com>

## Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

**Elizabeth Rowe** <erowe@laboradvocates.com>	Mon, Apr 11, 2022 at 9:48 AM
To: "Darke, Sean" <darke@litchfieldcavo.com>
Cc: Josiah Groff <jgroff@laboradvocates.com>

> Sean,
> We didn't receive anything by April 7. We plan to file a motion to compel if full responses are not received in the next 24 hours.
>
> On Wed, Mar 30, 2022 at 5:08 PM Elizabeth Rowe <erowe@laboradvocates.com> wrote:
>> Sean,
>>
>> We will defer going to a judge until April 7 after we see what Defendant provides but we are not waiving any arguments as to the untimeliness.
>>
>> Thanks.
>>
>> On Wed, Mar 30, 2022 at 4:59 PM Darke, Sean <darke@litchfieldcavo.com> wrote:
>>> Libby,
>>>
>>> Unfortunately I never saw these requests come through email. I am currently preparing for a trial, so if I could have an extension until April 7, 2022, I will have another attorney get the answers and documents to you.
>>>
>>> **Sean F. Darke**
>>> Partner
>>> D 312.781.6554 | F 312.781.6630
>>> Darke@LitchfieldCavo.com
>>>
>>> 
>>>
>>> 303 West Madison | Suite 300 | Chicago, IL 60606
>>>
>>> www.LitchfieldCavo.com
>>>
>>>
>>> **From:** Elizabeth Rowe <erowe@laboradvocates.com>
>>> **Sent:** Monday, February 21, 2022 4:12 PM
>>> **To:** Darke, Sean <darke@litchfieldcavo.com>
>>> **Cc:** Josiah Groff <jgroff@laboradvocates.com>
>>> **Subject:** Kelley v. Courtyard - Plaintiffs' First Set of Discovery Requests

Exhibit G

4/12/22, 9:46 AM                  Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich Mail - Kelley v. Bourgard - Plaintiffs' First Discovery Requests

Case: 1:21-cv-06594 Document #: 31-1 Filed: 04/12/22 Page 18 of 18 PageID #:150

Sean,

Attached please find Plaintiffs' first set of discovery requests, hereby served on Defendant.

Thanks,

Libby

--

Elizabeth L. Rowe

Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP

8 S. Michigan Avenue, 19th Floor

Chicago, Illinois 60603

Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP (office@laboradvocates.com). Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP. Finally, the recipient should check this email and any attachments for the presence of viruses. Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP accepts no liability for any damage caused by any virus transmitted by this email.

PRIVILEGE AND CONFIDENTIALITY NOTICE The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599

--
Elizabeth L. Rowe
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Direct: (312) 801-8833 | Main Office: (312) 372-1361 | Fax: (312) 372-6599