## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORY KELLEY, PAIGE KELLY, JOSEPH R. SCHULLO, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, | ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-06594 |
| Plaintiffs, | ) ) | Judge Durkin |
| v. | ) ) ) | |
| COURTYARD HEALTHCARE CENTER, LLC, an Illinois limited liability company, BARAK BAVER, DAVID CHEPLOWITZ, and BERWYN SKILLED NURSING FACILITY, LLC, d/b/a THE GROVE OF BERWYN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiffs GREGORY KELLY, PAIGE KELLY, JOSEPH R. SCHULLO, and

MARSHALL MAUER, as Trustees of THE SERVICE EMPLOYEES UNTERNATIONAL

UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE

SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND,

(collectively, the "Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach &

Yokich, LLP, by way of their amended complaint against Defendant COURTYARD

HEALTHCARE LLC ("Courtyard"), BARAK BAVER, DAVID CHEPLOWITZ, and

BERWYN SKILLED NURSING FACILITY, LLC, d/b/a THE GROVE OF BERWYN ("Grove

of Berwyn"), state as follows:

**BACKGROUND, IDENTITY OF PARTIES, JURISDICTION, AND VENUE**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this District.

2. Courtyard Healthcare Center, LLC ("Courtyard") is a limited liability company registered to do business in Illinois. At all relevant times, Defendant Courtyard was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 101 of the Labor Management Relations Act.

3. David Cheplowitz was the Manager of both Courtyard Property and Courtyard Realty during the relevant time period.

4. Barak Baver was the manager of both Courtyard Property and Courtyard Realty during the relevant time period and is a signatory to the operations transfer agreement and the asset purchase agreement referenced in this Amended Complaint.

5. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. § 185(a) and (c).

6. The Service Employees International Union Healthcare IL and IN (SEIU) , formerly known as Service Employees International Union, Local 4, is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this District.  SEIU is not a party to this lawsuit.

7. Defendant Courtyard, at all relevant times, has been a party to a Master Agreement between SEIU and the Illinois Association of Health Care Facilities.

8. Under the terms of Courtyard's respective collective bargaining agreements with SEIU (herein "Agreement"), Courtyard is required to make monthly contributions to the Funds on behalf of all their full-time employees and on behalf of their part-time employees who elect coverage and are covered by the Agreement.

9. The Agreement also requires Courtyard to submit monthly remittance reports in which Defendant Courtyard, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

10. Courtyard must also pay contributions for each month worked by their employees to the Funds. Defendant Courtyard is required to remit contributions to the Funds along with the remittance report. Pursuant to the Funds' Trust Agreement and collection procedures, Employers who fail to report and/or remit contributions timely are liable to pay interest on the delinquent contributions at 1% compounded per month, plus an additional 10% in liquidated damages to the Funds, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

11. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' Trust Agreement and collection procedures, Defendant Courtyard is liable to the Funds for any delinquent contributions shown to be due upon completion of an audit, as well as interest, liquidated damages in the amount of 20%, reasonable audit expenses, attorneys' fees, and court costs.

## COUNT I:
## <u>ERISA CLAIM TO COMPEL DEFENDANT TO SUBMIT TO AN AUDIT</u>

12. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 11, above, as paragraphs 1 through 11 of Count I.

13. Courtyard operated a facility at 3601 S Harlem Avenue, in Berwyn, Illinois ("Berwyn Facility") until on or about January 31, 2019.

14. On or about January 31, 2019, Courtyard sold the Berwyn Facility to Berwyn.

15. Pursuant to the Agreement, Courtyard is required to provide access to records necessary for the Funds to conduct an audit to determine whether Defendant Courtyard complied with its obligation to contribute to the Funds.

16. The Funds requested an audit of the Berwyn Facility from April 1, 2013 through the end of Courtyard's operation of that facility.

17. On November 18, 2021, an attorney representing Courtyard sent the Funds' attorney the email attached as Exhibit A.

18. Through the November 18, 2021 email attached as Exhibit A, Courtyard's attorney requested information about the time period of the audit and said that the documents could be produced in a week.

19. The Funds advised Courtyard prior to that November 18, 2021 email from Courtyard's attorney that the audit period was April 1, 2013 through January 31, 2019.

20. The Funds' attorney also informed Courtyard of the audit period in the November 18, 2021 email from the Funds' attorney to Courtyard's attorney attached as Exhibit B.

21. As of the date of the filing of this lawsuit, Courtyard had not produced the requested documents that are needed to conduct an audit.

22. Courtyard's failure to submit to an audit constitutes a violation of the Agreement, the Funds' Trust Agreement and its governing documents, and a violation of ERISA.

23.     On April 19, 2022, the Court granted a motion to compel filed by the Funds, requiring Courtyard to produce documents necessary for the Funds' accountants to complete an audit.  Courtyard produced those documents after being ordered to do so by the Court.

24.     Using those documents, during July 2022, the Funds' auditors completed an audit of Courtyard for the period of April 1, 2017 through January 31, 2019 (hereinafter, "Audit Period").

25.     The audit report revealed delinquencies during the Audit Period.  A true and correct copy of the Audit Report is attached hereto as Exhibit C (individual employee information is redacted and an unredacted version is available upon request).

26.     The Funds would not have been able to complete their audit and discover Courtyard's delinquencies if they had not filed suit against the Defendant.

27.     Pursuant to 29 U.S.C. § 1132(g), the Funds are entitled to an award of attorneys' fees and costs incurred in pursuing the audit of Courtyard through this lawsuit, as well as the audit fees.  *See Masonry Inst. v. Grove Constr.*, 1994 U.S. Dist. LEXIS 5058, *10 (N.D. Ill. Apr. 13, 1994) (Williams, J.) (where plaintiffs had to sue to compel an audit and the court ordered defendant to comply with discovery, court awarded fees and costs because "the plaintiffs obtained the relief they sought and would not have obtained this relief had it not been for the suit.").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Courtyard Healthcare Center, LLC as follows:

1.  Ordering Courtyard Healthcare Center, LLC to provide access to its records within ten (10) days for the period of April 1, 2013 through January 31, 2019.

2. Finding that Courtyard Healthcare Center, LLC is liable to the funds for the entire amount discovered to be due upon completion of the audit, plus interest, liquidated damages, audit fees, and reasonable attorneys' fees and court costs;

3. Entering judgment against Courtyard Healthcare Center, LLC in the amount of the principal contributions discovered to be due upon completion of the audit, plus interest, liquidated damages, and audit fees;

4. Entering judgment against Courtyard Healthcare Center, LLC for the reasonable attorneys' fees and court costs incurred by Plaintiffs in compelling compliance with the audit; and

5. Granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT II
## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27, above, as paragraphs 1 through 27 of Count II.

29. As revealed pursuant to an audit of Courtyard's records during the Audit Period, Courtyard failed to correctly report and pay contributions owed to the Funds, thereby depriving the Funds of contributions, income, and information needed to administer the Funds, and jeopardizing the benefits of participants and beneficiaries.

30. As demonstrated by the Audit Report, Courtyard owes the following amounts to the Funds, in addition to attorneys' fees and costs:

| Courtyard Healthcare Audit (1/2017-1/2019) | Welfare | Pension |
|---|---|---|
| Contributions | $ 41,610.00 | $ 21,227.65 |
| Interest | $ 27,885.90 | $ 12,760.77 |
| Liquidated Damages (@20%) | $ 8,322.00 | $ 4,245.54 |
| Audit Fee | $ 8,175.00 | $ 8,175.00 |
| **Total Delinquency** | **$ 85,992.90** | **$ 46,408.96** |

6

31.     From at least January 1, 2017 through part of January 2019, Courtyard employed employees who performed work covered by the Agreement.

32.     All conditions precedent to requiring payment of contributions to the Funds have been met.

33.     Courtyard's failure to correctly report and remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

34.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, Courtyard is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Courtyard Healthcare Center, LLC as follows:

1. Finding that Courtyard Healthcare, LLC violated the Agreement by failing to report and contribute contributions to the Funds;

2. Finding that Courtyard Healthcare Center, LLC is liable to the funds for all claims incurred by its employees and submitted to the Funds for the period between January 1, 2017 through January 31, 2019;

3. Entering judgment against Courtyard Healthcare Center, LLC in favor of the Service Employees International Union Healthcare IL Health and Welfare Fund in the amount of $85,992.90, and in favor of the Service Employees International Union Healthcare IL Pension Fund in the amount of $46,408.96, for all delinquent contributions during the time period covering January 1, 2017 through January 31, 2019, interest, liquidated damages, and audit fees, and awarding the Funds their Attorneys' fees and costs incurred in pursuing collections;

4. Granting all other such legal and equitable relief as the Court deems just and proper.

7

## COUNT III
## COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34, above, as paragraphs 1 through 34 of Count III.

36. Berwyn Skilled Nursing Facility, LLC is an Illinois Limited Liability Company whose principal office registered with the State of Illinois is 3450 Oakton Street, Skokie, IL 60076, and which entered into an operations transfer agreement with the Employer.

37. Plaintiffs believe that, on or about January 18, 2019, Defendant Courtyard Healthcare, by and through its managers, Defendants Cheplowitz and Baver, executed an operations transfer agreement for value with Defendant Grove of Berwyn to lease and operate the Berwyn Facility.

38. Plaintiffs believe the asset purchase agreement and operations transfer agreement contained language representing that Courtyard Healthcare had no obligations to any multi-employer ERISA plan.

39. 740 ILCS 160/5 states, in pertinent part:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor.

* * *

8

(b) In determining actual intent under paragraph (1) of subsection (a), consideration may be given, among other factors, to whether:

(3) the transfer or obligation was disclosed or concealed; …

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

40. 740 ILCS 160/8 states:

(a) In an action for relief against a transfer or obligation under this Act, a creditor, subject to the limitations in Section 9, may obtain:

(1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by the Code of Civil Procedure;

(3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure,

(A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

9

(B) appointment of a receiver to take charge of the asset

transferred or of other property of the transferee; or

(C) any other relief the circumstances may require.

(b) If a creditor has obtained a judgment on a claim against the debtor, the

creditor, if the court so orders, may levy execution on the asset transferred or its

proceeds.

41. The transfer of assets by Courtyard Realty, Courtyard Healthcare, Cheplowitz, and

Baver constitute a pattern of fraudulent conveyance because:

(a) Courtyard Realty was obligated to pay the findings of the Audit Report.

(b) Plaintiffs believe the operations transfer agreement and asset purchase

agreement contained language representing that Courtyard Healthcare had no

obligations to any multi-employer ERISA plan.

(c) Plaintiffs believe the operations transfer agreement and asset purchase

agreement contained language indemnifying the new operators and owners from

any obligation for employer contributions or withdrawal liability.

(d) Defendant Courtyard Healthcare has zero assets after the transfers to satisfy its

obligation to the Plaintiffs.

42.     This Court has supplemental jurisdiction over Count III, which alleges a state law

claim, pursuant to 28 U.S.C. § 1367.

43.     Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C.

§ 1391(b).

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Barak Baver and David Cheplowitz, in the same amount as entered against Courtyard Healthcare LLC under Count II of the Amended Complaint, as well as any reasonable attorneys' fees and costs incurred in pursuing this Count III.

**COUNT IV**
**SUCCESSOR LIABILITY AGAINST**
**BERWYN SKILLED NURSING FACILITY, LLC, d/b/a THE GROVE OF BERWYN**

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43, above, as paragraphs 1 through 43 of Count IV.

45. Upon taking over operations of the Berwyn Facility on or about January 31, 2019, Grove of Berwyn retained all or almost all of the employees who had been working for Courtyard at the Berwyn Facility leading up to January 31, 2019.

46. Upon taking over operations of the Berwyn Facility on or about January 31, 2019, Grove of Berwyn took ownership of the assets and responsibility for the patients of the Berwyn Facility.

47. Courtyard lacks assets adequate to pay its liabilities as set forth in the Audit Report.

48. Grove of Berwyn is a successor to Courtyard.

49. All conditions precedent requiring payment to the Funds have been met.

11

50.     As a successor to Courtyard, Grove of Berwyn is jointly liable with Courtyard for Courtyard's liabilities under the Agreement, including the liabilities as set forth in the Audit Report.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant  Berwyn Skilled Nursing Facility, LLC, d/b/a The Grove of Berwyn, in the same amount as entered against Courtyard Healthcare LLC under Count II of the Amended Complaint, as well as any reasonable attorneys' fees and costs incurred in pursuing this Count IV.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff
An Attorney for the Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
        AUERBACH & YOKICH, LLP
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361
jgroff@laboradvocates.com
erowe@laboradvocates.com